# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COOPER-STANDARD HOLDINGS INC., *et al.*,[1] | ) Case No. 09-12743 (PJW) |
| | ) (Joint Administered) |
| Debtors. | ) |
| | ) Related Doc. No. ___ |

**ORDER PURSUANT TO SECTIONS 327(a), 328 AND 1107 OF THE
BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016 AND LOCAL
RULES 2014-1 AND 2016-2 AUTHORIZING THE DEBTORS TO RETAIN AND
EMPLOY LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER
AND FINANCIAL ADVISOR NUNC PRO TUNC TO THE FILING DATE AND
WAVING CERTAIN LOCAL RULE 2016-2 INFORMATION REQUIREMENTS**

Upon the application (the "Application")[2] of the above-captioned debtors (collectively, the "Debtors") for entry of an order (the "Order") pursuant to sections 327(a), 328 and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain and employ Lazard Frères & Co. LLC ("Lazard") as investment banker and financial advisor to the Debtors *nunc pro tunc* to August 3, 2009 (the "Filing Date") on the terms set forth in the engagement letter between Cooper-

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Cooper-Standard Holdings Inc. (5088); Cooper-Standard Automotive Inc. (9970); Cooper-Standard Automotive FHS Inc. (2953); Cooper-Standard Automotive Fluid Systems Mexico Holding LLC (0442); Cooper-Standard Automotive OH, LLC (2845); StanTech, Inc. (4014); Westborn Service Center, Inc. (7448); North American Rubber, Incorporated (9926); Sterling Investments Company (1393); Cooper-Standard Automotive NC L.L.C. (2839); CS Automotive LLC (4267); CSA Services, Inc. (9510); NISCO Holding Company (1697). The corporate address of the Debtors is 39550 Orchard Hill Place Drive, Novi, Michigan 48375.

[2] Capitalized terms used herein but not defined herein shall have the meanings ascribed to such terms in the Application.

1

Standard Holdings Inc. and its controlled subsidiaries and Lazard, dated as of June 1, 2009 (the "Engagement Letter"), and the related indemnification agreement of April 1, 2009 incorporated therein (the "Indemnification Letter" and, together with the Engagement Letter, the "Lazard Agreement"); and upon consideration of the Declaration of Eric Mendelsohn in support of the Application (the "Mendelsohn Declaration"); and the Court being satisfied that the relief requested herein and the employment of Lazard is necessary and in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court being satisfied that the terms of the Lazard Agreement are reasonable terms for purposes of section 328(a) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied that notice of this Application and opportunity for a hearing on this Application was appropriate under the particular circumstances and that no other or further notice need be given; and the Court being satisfied that Lazard neither holds nor represents any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed; and the Court being satisfied that Lazard is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, DECREED AND ADJUDGED THAT:

1. The Application is granted as modified below.

2. As modified by this Order, in accordance with sections 327(a), 328(a) and 1107 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtors are

authorized to employ and retain Lazard in accordance with the terms and conditions set forth in the Lazard Agreement, as modified herein, effective *nunc pro tunc* to the Filing Date.

3. Subject to paragraph four (4) of this Order, all of Lazard's compensation as set forth in the Lazard Agreement, including, without limitation, the Monthly Fee, Restructuring Fee, Sale Transaction Fee, Minority Sale Transaction Fee, and Financing Fee (each as defined in the Lazard Agreement), is approved pursuant to section 328(a) of the Bankruptcy Code.

4. Notwithstanding anything to the contrary in this Order, the U.S. Trustee shall retain the right and be entitled to object to the Monthly Fee, Restructuring Fee, Sale Transaction Fee, Minority Sale Transaction Fee and Financing Fee based on the reasonableness standard under sections 330 and 331 of the Bankruptcy Code. The Debtors and Lazard further stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Lazard's compensation under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Lazard's compensation.

5. Lazard shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court; provided, however, that, subject to paragraph four (4) of this Order, Lazard shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a) and that Lazard's fees and expenses shall not be evaluated under the standard set forth in Bankruptcy Code section 330.

6. The Debtors are authorized to pay Lazard's fees and to reimburse Lazard for its costs and expenses as provided in the Lazard Agreement, in accordance with the monthly, interim and final fee application process approved by this Court, and none of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

7. Notwithstanding anything to the contrary in this Order, Lazard shall not seek reimbursement for the fees and expenses of its counsel that were incurred in connection with the prosecution of this Application.

8. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Lazard and the structure of Lazard's compensation pursuant to the Lazard Agreement, Lazard and its professionals shall be granted a limited waiver of the information requirements as set forth in Local Rule 2016-2 and shall be permitted to keep time records in one-half hour increments.

9. Nothing in the Application or the Mendelsohn Declaration shall be construed to authorize the sharing of compensation in contravention of section 504 of the Bankruptcy Code.

10. Paragraph four (4) of the Engagement Letter shall not preclude this Court from ordering appropriate remedies in the event that these Cases are found to be administratively insolvent.

11. The provisions set forth in the Indemnification Letter are approved, subject during the pendency of these cases to the following:

> (a) subject to the provisions of subparagraph (d), infra, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Letter) in accordance with the Indemnification Letter for any claim arising from,

4

related to, or in connection with the services provided for in the Engagement Letter;

(b) notwithstanding any provisions of the Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to In re United Artists Theatre Company, et. al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), infra, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter, as modified by this Order;

(c) if, during the pendency of the Debtors' cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Indemnification Letter shall not apply; and

(d) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Letter, as modified by this Order, including without limitation the advancement of defense costs, Lazard must file an application therefore in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Lazard for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Lazard;

12. The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

13. During the pendency of these Cases, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE