## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ———————————————— x | | |
| In re: | : | Chapter 11 |
| | : | |
| COOPER-STANDARD HOLDINGS INC., *et al.*, | : | Case No. 09-12743 (PJW) |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Objections Due: September 23, 2009 at 4:00 p.m.** |
| | : | **Hearing Date: September 30, 2009 at 11:30 a.m.** |
| | : | |
| ———————————————— x | | |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISORS NUNC PRO TUNC TO AUGUST 13, 2009

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of an order under sections 328 and 1103 of the Bankruptcy Code, authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees ("FTI"), as financial advisors to the Committee. In support of this Application, the Committee respectfully states as follows:

### Introduction

1.    On August 3, 2009 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. This Court has ordered joint administration of these chapter 11 cases (the "Cases").

2.    The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is §1103 of the Bankruptcy Code.

### Background

3.      On August 13, 2009 the Office of the United States Trustee for the District of Delaware held a meeting to appoint the Committee pursuant to section 1102 of the Bankruptcy Code (the "Formation Meeting"). At the Formation Meeting, the Committee selected Kramer Levin Naftalis & Frankel LLP as its counsel and selected FTI Consulting, Inc. as its financial advisor. The Committee consists of the following seven members:

(a)      Wilmington Trust Company;

(b)      United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union;

(c)      Pension Benefit Guaranty Corporation;

(d)      EMS-CHEMIE (North America), Inc.;

(e)      Pioneer High Yield Fund;

(f)      TD High Yield Income Fund;

(g)      U.S. Bank National Association.

### Relief Requested

4.      By this Application, the Committee seeks to employ and retain FTI pursuant to sections 328 and 1103 of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, nunc pro tunc to August 13, 2009.

5.      The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

6.      The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

### Scope of Services

7.      FTI will provide such consulting and advisory services to the Committee and its

DB02:8736284.1                                                                                                                    068747.1001

legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including but not limited to the following:

- Assistance with the assessment and monitoring of the Debtors' short-term cash flow, liquidity, pre-petition claim payments and operating results;

- Assistance with the review of supply chain issues including, but not limited to, critical vendor payments, reclamation claims, 503(b)(9) claims, and set offs;

- Assistance with the review of the Debtors' corporate structure and the analysis of inter-company transactions;

- Assistance regarding the evaluation of employee related-motions and issues including severance plans, bonus programs, employee retention programs, pensions and other post retirement benefits;

- Assistance with a review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, plans of reorganization, and asset sales;

- Assistance in reviewing the Debtors' business plan including assessment of revenue enhancement and cost saving opportunities, plant level profitability, customer profitability, capital expenditures and liquidity;

- Assistance in the review of the claims reconciliation process and estimation;

- Assistance in the valuation of the business and review of capital structure alternatives;

- Assistance in the review and/or preparation of information and analyses necessary for the confirmation of a plan in these chapter 11 proceedings;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Assistance in the review of the plan(s) of reorganization and the related disclosure statement;

- Attendance at meetings with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested; and,

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

## FTI's Eligibility for Employment

8.     FTI has informed the Committee that, except as may be set forth in the Affidavit of Michael Eisenband (the "Eisenband Affidavit"), it does not represent any other entity having an adverse interest in connection with these cases, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

9.     FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

10.     FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## Terms of Retention

11.     FTI is not owed any amounts with respect to pre-petition fees and expenses.

12.     The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee.

13.     Subject to Court approval and in accordance with Bankruptcy Code section 328(a), the Bankruptcy Rules, applicable U.S. Trustee guidelines, and the local rules, FTI will seek payment for compensation on a fixed monthly basis of $250,000 per month for the first three months, $200,000 per month for months four through nine, $150,000 per month thereafter (the "Monthly Fees") and a completion fee of $2,500,000 (the "Completion Fee"), plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any reasonable legal fees incurred for FTI's defense of its retention application and fee applications submitted in this matter, subject to Court approval. The Completion Fee will be considered earned and payable, subject to Bankruptcy Court approval, upon the earliest occurrence of the following: (a) confirmation of a chapter 11 plan of reorganization or liquidation, and (b) the sale of substantially all of the Debtors' assets. FTI reserves the right to assert that the Completion Fee is earned and payable upon conversion of the chapter 11 cases to chapter 7 cases.

14.    On a monthly basis, FTI will provide the hours expended at a summarized level that includes the total number of hours worked by professional and the total number of hours spent by task category. For each task category, FTI will provide an explanation of the type of work performed.

### Indemnification

15.    In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI requests that the following indemnification provisions be approved:

    a.    subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

    b.    the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of the Application; and

    c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application therefore in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this

Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

## Notice

16.    Notice of this Application has been given to (i) the Debtors, (ii) the United States Trustee and (iii) those parties requesting notice pursuant to Del. Bankr. L.R. 2002-1(b).  In light of the nature of the relief requested, the Committee submits that no further notice is required.

## No Prior Request

No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, nunc pro tunc to August 13, 2009 and grant such further relief as is just and proper.

Date: September 15, 2009

> THE OFFICIAL COMMITTEE OF UNSECURED
> CREDITORS OF COOPER-STANDARD
> HOLDINGS, INC., ET AL.
>
> **Wilmington Trust Company,**
> solely in its capacity as Chair of the Committee and not
> in its individual capacity
>
> By: Patrick Healy