IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>COOPER-STANDARD<br>HOLDINGS, INC., et al.,<br>　　　　　　　　Debtors. | )  Chapter 11<br>)<br>)  Case No. 09-12743 (PJW)<br>)<br>)  (Jointly Administered)<br>)<br>)  **Hearing Date: December 29, 2009 at 2:30 p.m.**<br>)  **Objection Deadline: December 28, 2009 at 12:00 p.m.**<br>)  **Ref. Nos. 204, 234** |

**AMENDED APPLICATION PURSUANT TO SECTION 1103(a) OF THE
BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR AN ORDER AUTHORIZING THE
MODIFICATION OF MONTHLY COMPENSATION TO FTI CONSULTING,
INC. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, _NUNC PRO TUNC_ TO NOVEMBER 14, 2009**

The Official Committee of Unsecured Creditors (the "Committee") of the above-caption debtors and debtors in possession (collectively, the "Debtors") respectfully submits this amended application (the "Amended Application") pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the Committee to modify the monthly compensation to FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees ("FTI"), as financial advisors to the Committee, _nunc pro tunc_ to November 14, 2009. In support of the Amended Application, the Committee respectfully represents as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## Background

3.      On August 13, 2009 the Office of the United States Trustee for the District of Delaware held a meeting to appoint the Committee pursuant to section 1102 of the Bankruptcy Code (the "Formation Meeting").   The members of the Committee are:[1] (i) Wilmington Trust Company; (ii) the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union; (iii) Pension Benefit Guaranty Corporation; (iv) TD High Yield Fund; (v) U.S. Bank Trust National Association; and (vi) EMS-CHEMIE (North America), Inc. Capital Research & Management Company is an ex officio member of the Committee.

4.      At the Formation Meeting, the Committee selected FTI as its financial advisor.

5.      On September 15, 2009, the Committee filed an application seeking the entry of an order approving the retention of FTI as financial advisor to the Committee, nun pro tunc to August 13, 2009 (the "Original Retention Application").   On September 30, 2009, the Court entered an order approving the Original Retention Application, nun pro tunc to August 13, 2009 (the "Original Retention Order").

---

[1] On October 7, 2009, Pioneer High Yield Fund resigned from the Committee.

2

6.     As more fully described in the Original Retention Order, FTI's compensation includes fixed monthly fees (the "Monthly Fees") in the amount of $250,000 per month for the first three months; $200,000 per month for months four through nine; and $150,000 per month thereafter.

### Relief Requested

7.     By this Amended Application, the Committee seeks to increase the Monthly Fees from November 14, 2009 through March 31, 2010 from $200,000 to $250,000 (the "Fee Modification"), after which time the fees will be as set forth in the Original Retention Application.

### Basis for Relief Requested

8.     The proposed Fee Modification is sought based on the nature and complexity of these chapter 11 cases and the substantial efforts FTI has already expended and anticipates will be required of it through the conclusion of these chapter 11 cases.  Since November 2009, FTI has spent significant time and energy on negotiating with and mediating discussions among the Committee, the Debtors, the Debtors' senior secured lenders, their financial advisors, as well as the other key stakeholders, with the goal of developing a consensual plan of reorganization that that would allocate the Debtors' post-emergence equity in a manner consistent with an appropriate valuation of the Debtors' business.  FTI has also devoted a lot of time to develop valuation alternatives of the Debtors' business, obviating the need for the Committee to employ an investment banker, who traditionally formulates valuation alternatives in the context of plan negotiations.  Furthermore, FTI did not anticipate this level of work at the beginning of these chapter 11 cases, when FTI and the Committee negotiated the Monthly Fees at the rates set forth in the Original Retention Order.

068747.1001

9.      FTI is dedicated to continue working towards a consensual plan of reorganization and anticipates that the upcoming months, before the Debtors emerge from chapter 11, will require significantly more time and commitment from its professionals.   In addition, FTI has agreed that the Fee Modification shall be subject to monthly re-evaluation by the Committee.

10.      Accordingly, the Committee respectively submits that the Fee Modification is appropriate in light of the substantial efforts expended by FTI to date and the anticipated level of work required going forward, as well as Committee's ability to re-evaluate the Fee Modification on a monthly basis and reduce it to the rates set forth in the Original Retention Application.

11.      The Committee requests that the Amended Application be approved *nunc pro tunc* to November 14, 2009.

### FTI's Disinterestedness

12.      In connection with the Original Retention Application, FTI had disclosed that, except as may be set forth in the Affidavit of Michael Eisenband (the "Eisenband Affidavit"), attached as Exhibit B to the Original Retention Application, it does not represent any other entity having an interest materially adverse to the Debtors' estates in connection with these chapter 11 cases.  FTI continues to maintain that it is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

13.      FTI periodically reviews its records to assess whether any conflicts or other disqualifying circumstances exist or arise.   If any new material facts or relationships are discovered, FTI shall supplement its disclosure to the Court.

14.      FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

4

## Notice

15.    No trustee or examiner has been appointed in these chapter 11 cases.  Notice of this application has been given to (i) counsel to the Debtors, (ii) the U.S. Trustee, and (iii) those parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Committee submits that no further notice is required.

16.    No prior Application for the relief requested herein has been made to this or any other Court.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

DB02:9060007.1                                                                                              068747.1001

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing the Fee Modification, *nunc pro tunc* to November 14, 2009, and grant such further relief as the Court deems just and proper.

Dated: December 21, 2009
      Wilmington, Delaware

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF COOPER-STANDARD
HOLDINGS, INC., ET AL.

**Wilmington Trust Company,**
solely in its capacity as Chair of the Committee and
not in its individual capacity

By: Patrick Healy
      VP Global Reorganization and Insolvency
      Corporate Client Services