# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| COOPER-STANDARD HOLDINGS INC., *et al.*,[1] | Case No. 09-12743 (PJW)<br>(Jointly Administered) |
| Debtors. | Re: Docket Nos: 753, 1109 & 1116, *1117* |

## ORDER PURSUANT TO SECTIONS 1125, 1126, 1128 AND 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 3017 AND 3018, AND LOCAL RULE 3017-1 (I) APPROVING ADEQUACY OF THE FIRST AMENDED DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES FOR THE ACCEPTANCE OR REJECTION OF THE DEBTORS' PROPOSED SECOND AMENDED JOINT CHAPTER 11 PLAN, (II) FIXING DATE, TIME AND PLACE FOR CONFIRMATION HEARING, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of Cooper-Standard Holdings Inc.

("Holdings") and the above-captioned debtors and debtors in possession (collectively, the

"Debtors") for entry of an order (the "Disclosure Statement Approval Order") pursuant to

sections 1125, 1126, 1128 and 105 of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2002, 3017, and 3018 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (I)

approving the adequacy of the Debtors' first amended disclosure statement pursuant to section

1125 of the Bankruptcy Code and solicitation procedures (the "Solicitation Procedures") for the

---

[1] The Debtors are the following entities: Cooper-Standard Holdings Inc., Cooper-Standard Automotive Inc., Cooper-Standard Automotive FHS Inc., Cooper-Standard Automotive Fluid Systems Mexico Holding LLC, Cooper-Standard Automotive OH, LLC, StanTech, Inc., Westborn Service Center, Inc., North American Rubber, Incorporated, Sterling Investments Company, Cooper-Standard Automotive NC L.L.C., CS Automotive LLC, CSA Services Inc., and NISCO Holding Company. The corporate address of the Debtors is 39550 Orchard Hill Place Drive, Novi, Michigan 48375.

acceptance or rejection of Debtors' proposed second amended joint chapter 11 plan; (II) fixing date, time, and place for the Confirmation Hearing;[2] and (III) granting such other and further relief as this Bankruptcy Court may deem just and proper; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and that is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having filed the Second Amended Joint Chapter 11 Plan (as may be amended, the "Plan") together with the First Amended Disclosure Statement for the Debtors' Second Amended Joint Chapter 11 Plan (as may be amended, the "Disclosure Statement") relating thereto on March 26, 2010; and this Court having scheduled the date, time, and place for the hearing to consider approval of the Debtors' Disclosure Statement (the "Disclosure Statement Hearing"); and it appearing that proper and adequate notice of the Disclosure Statement Hearing has been given to all parties in interest in accordance with the Motion; and the Disclosure Statement Hearing having been held on March 26, 2010; and all parties in interest having been given an opportunity to be heard at the Disclosure Statement Hearing; and all objections to the Motion having been overruled or otherwise disposed of; and the relief requested in the Motion being in the best interests of the Debtors, their estates, creditors, and other parties in interest,

NOW, THEREFORE, the Court hereby finds and determines as follows:

A.     The Disclosure Statement complies with due process, the requirements of the Bankruptcy Code and the Bankruptcy Rules and contains "adequate information" as such term is defined in section 1125 of the Bankruptcy Code;

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion or the Plan.

B.      Proper and adequate notice of the Disclosure Statement Hearing and the time fixed for filing objections to the Disclosure Statement has been given to all parties in interest, and such notice complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

C.      The Ballot and Master Ballot attached hereto as **Exhibits A** and **B**, respectively, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these chapter 11 cases, and are appropriate for the Voting Class;

D.      Solicitation Materials need not be provided to Holders of Unimpaired Claims and Equity Interests in Class 1 (Priority Claims), Class 2 (Miscellaneous Secured Claims), Class 3 (Intercompany Claims), Class 4 (Prepetition Facility Claims), Class 5 (Senior Note Claims), Class 7 (Subsidiary Debtor General Unsecured Claims) and Class 8 (Subsidiary Debtor Equity Interests) (collectively, the "Unimpaired Classes" and together with the Impaired Classes, the "Non-Voting Classes") because the Holders in such classes are Unimpaired and are deemed to have accepted the Plan;

E.      The Debtors need not provide Holders of Intercompany Claims with either the Solicitation Materials or the Non-Voting Materials (as defined below) because such Holders are plan proponents and are, therefore, intimately familiar with the Plan and the Disclosure Statement and are presumed to have accepted the Plan;

F.      Ballots and Master Ballots need not be provided to Holders of Impaired Claims and Equity Interests in Class 9 (Holdings General Unsecured Claims) and Class 10 (Old Holdings Equity Interests) (collectively, the "Impaired Classes") because the Holders in such classes are Impaired under the Plan, shall neither receive nor retain any property under the Plan on account of such Claims or Equity Interests, and are thus conclusively deemed to have rejected the Plan, provided, however, in lieu of distributing the Ballots and Master Ballots to the Holders

3

of Claims in the Impaired Classes, such Holders shall receive the Impaired Non-Voting Materials (as defined below);

G.     The contents of the Solicitation Materials, including the notice of the confirmation hearing (the "Confirmation Hearing Notice"), substantially in the form attached hereto as **Exhibit C**, the notice of impaired non-voting status (the "Impaired Non-Voting Notice"), substantially in the form attached hereto as **Exhibit D**, and the notice of unimpaired non-voting status (the "Unimpaired Non-Voting Notice"), substantially in the form attached hereto as **Exhibit E**, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties;

H.     The Solicitation Procedures proposed in the Motion are reasonable, provide a fair and equitable voting process, and are consistent with section 1126 of the Bankruptcy Code;

I.     The procedures for transmitting the Disclosure Statement, the Plan, the Ballots and the voting instructions to beneficial holders of securities of the Debtors are fair, reasonable and adequate and comply with the requirements of Bankruptcy Rule 3017(e) and Local Rule 3017-1; and

J.     The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors' estates, their creditors, and other parties in interest.

ACCORDINGLY, after due deliberation, and sufficient cause appearing therefor, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.     The Motion is hereby granted.

2.     The Disclosure Statement is hereby approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

3.      Any objections to the Motion that have not been previously withdrawn are hereby overruled with prejudice.

4.      March 26, 2010 is established as the record date (the "Record Date") for purposes of determining (a) creditors entitled to receive the Solicitation Materials and (b) creditors entitled to vote to accept or reject the Plan, notwithstanding anything else to the contrary in the Bankruptcy Rules or the Local Rules.

5.      The Solicitation Materials are hereby approved. The Debtors are directed by March 31, 2010 (the "Solicitation Commencement Date") to transmit by first-class mail copies of:

     a.    the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit C**;

     b.    a CD-ROM containing the Disclosure Statement, together with the Plan and the exhibits annexed thereto;

     c.    the Disclosure Statement Approval Order; and

     d.    the Ballots and voting instructions

(collectively, the "Solicitation Materials"), to the Holders of Senior Subordinated Note Claims (the "Voting Class"), provided, that with respect to those persons or entities to whom the Debtors mailed a notice of the Disclosure Statement Hearing that was returned by the United States Postal Service as undeliverable with no forwarding address, the Debtors shall not be required to mail such persons the Solicitation Materials or the Non-Voting Materials.

6.      The Impaired Non-Voting Notice is hereby approved. The Debtors are authorized and directed by the Solicitation Commencement Date to transmit by first-class mail: (i) a CD-ROM containing the Disclosure Statement, together with the Plan and the exhibits annexed thereto, (ii) the Confirmation Hearing Notice, (iii) this Disclosure Statement Approval Order and (iv) the Impaired Non-Voting Notice (collectively, the "Impaired Non-Voting Materials"). The

Impaired Non-Voting Notice will, among other things, (a) include a summary of the treatment provided under the Plan to each such class, (b) include the date of the Confirmation Hearing and (c) state the date fixed to file objections to confirmation of the Plan, to the Holders of (i) Holdings General Unsecured Claims and (ii) Old Holdings Equity Interests, provided, that such Holders' Claims or Equity Interests (A) are listed in the Debtors' schedules of liabilities as not contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by filed Claims) or (B) are the subject of a filed proof of claim that has not been objected to prior to the Record Date and that is not the subject of a pending objection on the Record Date; provided, further, that with respect to a Holder of Claims that has timely filed multiple proofs of claims on account of a single Claim (whether such Claim was filed against one or more of the Debtors), the Debtors will provide such Holder with only one set of Impaired Non-Voting Materials; provided, further, that with respect to those persons or entities to whom the Debtors mailed a notice of the Disclosure Statement Hearing that was returned by the United States Postal Service as undeliverable with no forwarding address, the Debtors shall not be required to mail such persons the Impaired Non-Voting Materials.

7.      The Unimpaired Non-Voting Notice is hereby approved. The Debtors are authorized and directed by the Solicitation Commencement Date to transmit by first-class mail: (i) the Confirmation Hearing Notice; (ii) the Disclosure Statement Approval Order; and (iii) the Unimpaired Non-Voting Notice (collectively, the "Unimpaired Non-Voting Materials" and together with the Impaired Non-Voting Materials, the "Non-Voting Materials"). The Unimpaired Non-Voting Notice will, among other things, (a) include a summary of the treatment provided under the Plan to each such class, (b) advise that the Disclosure Statement and Plan can be obtained through any of (1) the Bankruptcy Court's internet website (www.deb.uscourts.gov) (registration is required), (2) the Voting Agent's website (http://www.kccllc.net/cooperstandard)

(free of charge), or (3) upon written request to the Debtors' counsel or the Voting Agent, (c) include the date of the Confirmation Hearing and (d) state the date fixed to file objections to confirmation of the Plan, to the Holders of (i) Priority Claims, (ii) Miscellaneous Secured Claims, (iii) Prepetition Facility Claims, (iv) Senior Note Claims, (v) Subsidiary Debtor General Unsecured Claims, and (vi) Subsidiary Debtor Equity Interests, provided, that such Holders' Claims or Equity Interests (a) are listed in the Debtors' schedules of liabilities as not contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by filed Claims) or (b) are the subject of a filed proof of claim that has not been objected to prior to the Record Date and that is not the subject of a pending objection on the Record Date; provided, further, that with respect to a Holder of Claims that has timely filed multiple proofs of claims on account of a single Claim (whether such Claim was filed against one or more of the Debtors), the Debtors will provide such Holder with only one set of Unimpaired Non-Voting Materials; provided, further, that with respect to those persons or entities to whom the Debtors mailed a notice of the Disclosure Statement Hearing that was returned by the United States Postal Service as undeliverable with no forwarding address, the Debtors shall not be required to mail such persons the Unimpaired Non-Voting Materials.

8.      The Debtors need not provide Holders of Intercompany Claims with either the Solicitation Materials or the Non-Voting Materials.

9.      The voting instructions and the forms of Ballots and Master Ballots, substantially in the form attached hereto as **Exhibits A** and **B**, are hereby approved.

10.      The Debtors are authorized to distribute, or cause to be distributed, Master Ballots to the Voting Nominees (as defined below) of beneficial owners of Senior Subordinated Note Claims in Class 6 (collectively, the "Beneficial Owners") in accordance with customary procedures.

11. The Voting Nominees shall forward the Solicitation Materials to each Beneficial Owner in Class 6 entitled to vote to accept or reject the Plan.

12. The Debtors are directed to send the Solicitation Materials to the record holder or nominee of the Senior Subordinated Note Claims as of the Record Date, including without limitation, brokers, banks, commercial banks, transfer agents, trust companies, dealers, or other agents or nominees (collectively, the "Voting Nominees") and to provide the Voting Nominees with sufficient copies of the Solicitation Materials (including Ballots for Beneficial Owners of Senior Subordinated Note Claims) to be distributed to the Beneficial Owners of Senior Subordinated Note Claims, and the Debtors shall reimburse upon request each such Voting Nominee's reasonable and customary out-of-pocket expenses associated with the distribution of the Solicitation Materials to the Beneficial Owners of Senior Subordinated Note Claims.

13. Each Voting Nominee who receives returned Ballots from the Beneficial Owners of Senior Subordinated Note Claims shall tabulate the results, complete the Master Ballot delivered to the Voting Nominee according to the instructions set forth in the Master Ballot and return the completed Master Ballot addressed to the Voting Agent, Kurtzman Carson Consultants LLC, so that it is actually received by the Voting Agent on or before the Voting Deadline.

14. In order to cast their vote to accept or reject the Plan, Beneficial Owners of Senior Subordinated Note Claims should return their completed Ballots to the Voting Nominee so that they are received, at the latest, by the date that is three (3) Business Days prior to the Voting Deadline or such other deadline that may be established by the Voting Nominee, so that the Voting Nominee has sufficient time to process the Ballots and summarize the results on the Master Ballot delivered to such Voting Nominee and submit the Master Ballot to the Voting Agent so that it is actually received by the Voting Agent on or before the Voting Deadline.

8

15. The Voting Agent, Kurtzman Carson Consultants LLC, is authorized to, among other things, perform all services relating to the solicitation of votes under the Plan.

16. All Ballots accepting or rejecting the Plan must be received by the Voting Agent by 7:00 p.m., prevailing Eastern Time, on May 5, 2010 (the "Voting Deadline") at the following address:

COOPER-STANDARD BALLOT PROCESSING
C/O KURTZMAN CARSON CONSULTANTS
1230 AVENUE OF THE AMERICAS, 7TH FLOOR
NEW YORK, NEW YORK 10020

17. The Debtors may extend the Voting Deadline after consultation with the Creditors' Committee as facts and circumstances permit.

18. The following procedures shall be followed in connection with tabulating Ballots:

(a) only original Ballots or Master Ballots returned to the Voting Agent bearing original signatures will be counted;

(b) any unsigned Ballot or Master Ballot shall not be counted;

(c) except as otherwise provided by the express terms of this Disclosure Statement Approval Order, any Ballot or Master Ballot received after the Voting Deadline, in the Debtors' discretion, shall not be counted;

(d) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder shall not be counted;

(e) any Ballot or Master Ballot cast by a person or entity that does not hold a Claim in a Voting Class shall not be counted;

(f) any Ballot or Master Ballot that is properly completed, executed and timely returned to the Voting Agent or the applicable Voting Nominee that indicates both acceptance and rejection of the Plan shall not be counted;

(g) any Ballot or Master Ballot that is properly completed, executed and timely returned to the Voting Agent or the applicable Voting Nominee that does not indicate an acceptance or rejection of the Plan shall not be counted;

9

(h)    whenever an Eligible Holder of a Claim returns more than one Ballot voting the same Claim prior to the Voting Deadline, only the last Ballot timely returned to the Voting Agent or the applicable Voting Nominee shall be counted;

(i)    each Holder of a Claim in the Voting Class shall be deemed to have voted the full amount of its Claim;

(j)    Eligible Holders of Claims shall not split their vote within a class, but shall vote their entire Claim within a particular class either to accept or reject the Plan; and

(k)    any Ballot or Master Ballot received by the Voting Agent by telecopier, facsimile or other electronic communication shall not be counted.

19.    With regard to the tabulation of Master Ballots cast by Voting Nominees, the Debtors propose that the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by the Beneficial Owners of the Senior Subordinated Notes as of the Record Date.

20.    The following additional procedures shall be followed in connection with tabulation of Master Ballots cast by Voting Nominees:

(a)    votes cast on behalf of a Beneficial Owner by a Voting Nominee will be applied against the positions held by such Beneficial Owner in the Senior Subordinated Notes as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee pursuant to a Master Ballot will not be counted in excess of the principal amount of such securities held by such Voting Nominee as of the Record Date;

(b)    to the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees;

(c)    to the extent that "overvotes" on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the "overvote," but only to the extent of the Voting Nominee's position in the applicable security; and

(d)    where a Beneficial Owner holds its Senior Subordinated Notes through more than one Voting Nominee, it must execute a separate Ballot for each block of securities held by such Voting Nominees. However, such

Beneficial Owner must vote all of its Claims in each class in the same manner to either accept or reject the Plan. Accordingly, if such Beneficial Owner returns more than one Ballot to more than one Voting Nominee voting different Claims within each class under the Plan and the Ballots are not voted in the same manner, such votes will not be counted.

21. The hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall be held before The Honorable Peter J. Walsh, United States Bankruptcy Judge, 824 Market Street, Wilmington, Delaware on May 12, 2010 at 9:30 a.m. The Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court without further notice required to be given by the Debtors.

22. The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit C**, is hereby approved. The scope of the Confirmation Hearing Notice is adequate and provides known and unknown claimants with good and sufficient notice of the Confirmation Hearing.

23. The Debtors shall publish the Confirmation Hearing Notice once in the *New York Times, Wall Street Journal, USA Today* and the *Detroit Free Press* and such other local newspapers, trade journals or similar publications as the Debtors deem appropriate, no later than twenty (20) days prior to the Objection Deadline (as defined below) and such publication notice shall be adequate and sufficient notice and no further notice shall be necessary with respect to any holder of a Claim of which the Debtors do no have actual notice as of the date of this Disclosure Statement Approval Order.

24. Objections, if any (including any supporting memoranda), to confirmation of the Plan (a) shall be in writing, (b) shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders of this Bankruptcy Court, (c) shall set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against the estates or property of the Debtors, (d) shall state with particularity the legal and factual basis

11

for such objection, and (e) shall be filed with this Court, together with proof of service thereof, and served upon the following persons so as to be <u>received</u> no later than 4:00 p.m., prevailing Eastern Time, on May 5, 2010 (the "<u>Objection Deadline</u>"):

(i)  <u>Counsel for the Debtors and Debtors in Possession</u>

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19801
Facsimile: (302) 651-7701
Attn:  Mark D. Collins, Esq.
       Michael J. Merchant, Esq.
       Chun I. Jang, Esq.
       Drew G. Sloan, Esq.

and

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Facsimile: (212) 859-4000
Attn:  Gary L. Kaplan, Esq.
       Richard J. Slivinski, Esq.
       Peter B. Siroka, Esq.

(ii)  <u>The United States Trustee</u>

OFFICE OF THE UNITED STATES TRUSTEE
844 King Street, Suite 2207
Wilmington, Delaware 19801
Facsimile: (302) 573-6497
Attn:  Joseph J. McMahon, Jr., Esq.

(iii)  <u>Official Committee of Unsecured Creditors</u>

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Facsimile: (212) 715-8000
Attn:  Kenneth Eckstein, Esq.
       Robert Schmidt, Esq.
       Stephen Zide, Esq.

and

12

YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
The Brandywine Building
Wilmington, DE 19899
Facsimile: (302) 571-1253
Attn:  M. Blake Cleary, Esq.
      Erin Edwards, Esq.
      Jamie N. Luton, Esq.

(iv)    <u>Counsel to the Prepetition Administrative Agent and the DIP Financing Agent</u>

MILBANK, TWEED, HADLEY & MCCLOY LLP
One Chase Manhattan Plaza
New York, New York 10005
Facsimile: (212) 530-5219
Attn.:  Abhilash M. Raval, Esq.
      Tyson M. Lomazow, Esq.
      Brian Kinney, Esq.

and

1850 K Street, NW
Suite 1100
Washington, DC 20006
Facsimile: (202) 263-7586
Attn.:  David S. Cohen, Esq.

(v)    <u>Counsel to the Backstop Parties</u>

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Facsimile: (212) 872-1002
Attn.:  Daniel H. Golden, Esq.
      Jeffrey L. Kochian, Esq.
      Arik Preis, Esq.

and

PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
Wilmington, DE 19899
Facsimile: (302) 652-4400
Attn:  Curtis A. Hehn, Esq.

and

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Facsimile: (212) 701-5800
Attention:      Christopher Mayer, Esq.
                Timothy Graulich, Esq.

and

BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
Facsimile : (302) 658-6395
Attention :     Charlene D. Davis, Esq.


25.     Unless an objection to confirmation of the Plan is timely served and filed

in accordance with this Disclosure Statement Approval Order, it may not be considered by the

Bankruptcy Court.

26.     The Debtors and any party supporting the Plan are authorized to file a

reply to any objections to confirmation on or before May 10, 2010.

27.     All time periods set forth in this Disclosure Statement Approval Order

shall be calculated in accordance with Bankruptcy Rule 9006(a).

28.     The terms and conditions of this Disclosure Statement Approval Order

shall be immediately effective and enforceable upon its entry.

29.     The Debtors are authorized to take or refrain from taking any action

necessary or appropriate to implement the terms of and the relief granted in this Disclosure

Statement Approval Order without seeking further order of the Bankruptcy Court.

30.     This Court shall retain jurisdiction over all matters related to or arising

from the Motion or the interpretation or implementation of this Order.

Dated: __March 26__, 2010
          Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE